UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ESPINOZA,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No.  1:23-cv-1499-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 14, 18)<br><br>FOURTEEN-DAY DEADLINE |

**<u>Findings and Recommendations</u>**

**INTRODUCTION**

Plaintiff Rafael Espinoza ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on Plaintiff's motion for summary judgment, which was submitted without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole and based upon proper legal standards.  Accordingly, this Court will recommend denying Plaintiff's motion for summary judgment and granting the Commissioner's request to affirm the agency's determination to deny benefits.

1

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on November 3, 2020, and an application for supplemental security income on October 30, 2020. AR 243-49, 250-59.[1] Plaintiff alleged he became disabled on June 11, 2018, due to blind or low vision, retinal detachment left eye, cornea transplants both eyes, lower back pain due to BK amputation, below knee amputation left leg and pain, diabetes, high blood pressure, and high cholesterol. AR 131, 295. Plaintiff's applications were denied initially and on reconsideration. AR 131-33, 134-37, 139-44, 145-49. Subsequently, Plaintiff requested a hearing before an ALJ. Following a hearing, ALJ Melissa Hammock issued an order denying benefits on September 26, 2022. AR 15-28, 40-64. Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making ALJ's decision the Commissioner's final decision. AR 1-6. This appeal followed.

**Hearing Testimony and Medical Record**

The hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

On September 26, 2022, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.[2] AR 18-28. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 11, 2018, the alleged onset date. AR 20. The ALJ identified the following severe impairments: status post below-the-knee amputation of the left lower extremity with use of a prosthetic limb; obesity; diabetes mellitus; proliferative retinopathy with retinal detachment involving the fovea of the left eye; proliferative diabetic retinopathy with clinically significant macular edema (CSME): and a history of bilateral keratoconus surgery. AR 21. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 21.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.
[2] Plaintiff, through counsel, withdrew his claim under Title II of the Social Security Act. AR 18, 44.

1    Based on a review of the entire record, the ALJ found that Plaintiff retained the residual
2    functional capacity ("RFC") to perform light work, except he could sit for six hours, stand and/or
3    walk in combination for two hours, occasionally balance, stoop, crouch, climb ramps, and climb
4    stairs, but could never kneel, crawl, or climb ladders, ropes, or scaffolds.  He could have no
5    exposure to workplace hazards, including unprotected heights and moving mechanical parts,
6    could never operate a motor vehicle for work-related tasks, and could perform tasks that did not
7    require peripheral vision on the left side.  AR 21-27.  With this RFC, the ALJ found that Plaintiff
8    could not perform his past relevant work, but could perform other jobs in the national economy,
9    such as dowel inspector, surveillance system monitor, addresser, sorter, and button reclaimer.  AR
10   27-28.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage

3

1   in substantial gainful activity due to a medically determinable physical or mental impairment
2   which has lasted or can be expected to last for a continuous period of not less than twelve months.
3   42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental
4   impairment of such severity that he or she is not only unable to do his or her previous work, but
5   cannot, considering his or her age, education, and work experience, engage in any other kind of
6   substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882
7   F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v.*
8   *Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[3]

10      Plaintiff contends that the ALJ's RFC determination is not supported by substantial
11  evidence because the ALJ failed to fully develop the record with regard to Plaintiff's visual
12  limitations.  (Doc. 14 at 9, 11.)  To that end, Plaintiff asserts that the ALJ had a duty to develop
13  the record with a consultative eye examination.  (*Id.* at 13.)
14      Initially, the Commissioner argues that Plaintiff has forfeited his claims related to the duty
15  to develop the record by failing to raise the issue before the ALJ.  (Doc. 18 at 3-4.)   The Court
16  agrees.  "[W]hen claimants are represented by counsel, they must raise all issues and evidence at
17  their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d
18  1111, 1115 (9th Cir. 1999).  At the hearing, Plaintiff's representative, Malinda Davies—affiliated
19  with Plaintiff's current counsel—did not ask the ALJ to further develop the record.  AR 18, 230-
20  36 (Claimant's Appointment of Representative).  While Plaintiff's hearing representative
21  indicated to the ALJ that she was still expecting records, including updated records from Valley
22  Retina, she did not suggest that a consultative examination would be necessary to assess
23  Plaintiff's visual limitations.  AR 45-47.  Further, the hearing brief submitted by Plaintiff's
24  counsel to the ALJ did not claim the need for a consultative examination regarding Plaintiff's

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

visual limitations.[4]  AR 389-95.

Plaintiff challenges the Commissioner's assertion that he forfeited the argument regarding the duty to develop the record or the need for a consultative examination by failing to raise it at the hearing.  (Doc. 14 at 15-16.)  As support, Plaintiff relies on *Balli v. Comm'r of Soc. Sec*, No. 1:21-cv-00645-EPG,  2022 WL 14751485 (E.D. Cal. Oct. 25, 2022), which distinguished the holding in *Meanel*, and rejected the argument that the claimant had forfeited the duty to develop argument by failing to raise the incompleteness of the record before the ALJ.  (*Id.*)  While Plaintiff correctly characterizes the decision in *Balli*, the weight of authority finds that a claimant waives the challenge to the development of the record or the need for a consultative examination by failing to raise the issue before the ALJ.  *See Marin v. Comm'r of Soc. Sec.*, No. 1:24-cv-00055-SAB, 2024 WL 3845357, at *9 n.8 (E.D. Cal. Aug. 16, 2024) ("[T]he Court notes that the weight of authority finds that the argument is forfeited by failing to raise the issue of the need for a consultative examination before the ALJ."); *see also Puchert v. Comm'r of Soc. Sec.*, No. 2:22-CV-2177-DMC, 2024 WL 991639, at *8 (E.D. Cal. Mar. 7, 2024) ("Given that Plaintiff was represented by counsel during the administrative proceedings and never sought a new examination, the argument that the ALJ failed to develop the record is foreclosed."); *Jones v. Kijakazai*, No. 2:22-cv-00909-EFB (SS), 2023 WL 3955679, at *5 (E.D. Cal. June 12, 2023) (finding plaintiff waived challenge to the development of the record and need for a medical expert or consultative examination by failing to raise it before the ALJ); *Josue R. v. Kijakaji,* No. 2:21-CV-08654-GJS, 2023 WL 2188693, at *2 (C.D. Cal. Feb. 23, 2023) (concluding plaintiff waived challenge the ALJ should have developed the record further by ordering a consultative examination by failing to raise it before the ALJ).  Plaintiff similarly waived his challenge to the development of the record or the need for a consultative examination by failing to raise the issue before the ALJ.

---

[4] Rather, in the brief, Plaintiff's counsel asserted that Plaintiff's visual impairments resulted in the "inability to see potentially dangerous objects located at and/or approaching from his left side."  AR 395.  The ALJ accounted for Plaintiff's "left eye peripheral vision limitations and reduced visual acuity" in the RFC, finding Plaintiff "can have no exposure to workplace hazards, including unprotected heights and moving mechanical parts, he can never operate a motor vehicle for work-related tasks, and he can only perform tasks that do not require peripheral vision on the left side."  AR 24; *see also* AR 21-22.

Even if the issue had not been waived, Plaintiff has not demonstrated any error warranting remand. Although Plaintiff argues that the ALJ had "a duty to develop the record with a consultative eye examination," (Doc. 14 at 13), it is Plaintiff's burden to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. § 416.912(a) ("[Y]ou have to prove to us that you are ... disabled ...."); *Wagner v. Comm'r of Soc. Sec.*, No. 1:22-cv-01566-CDB, 2024 WL 1312214, at *9 (E.D. Cal. Mar. 27, 2024) (acknowledging plaintiff's burden to establish disability); *Sanchez v. Kijakazi*, No. 1:21-cv-00907-ADA-BAM, 2023 WL 4743018, at *5 (E.D. Cal. July 25, 2023), report and recommendation adopted, No. 1:21-cv-00907-ADA-BAM (SS), 2023 WL 5817583 (E.D. Cal. Sept. 7, 2023); *Flores v. Kijakazi*, No. 1:22-cv-0694-ADA-HBK, 2023 WL 3931719, at *3 (E.D. Cal. June 9, 2023), report and recommendation adopted sub nom. *Flores v. Comm'r of Soc. Sec.*, No. 1:22-cv-00694-ADA-HBK SS, 2023 WL 5836480 (E.D. Cal. Sept. 8, 2023).

Because it is Plaintiff's burden to present evidence of disability, the mere absence of an opinion from an examining physician does not give rise to a duty to develop the record; rather, that duty is triggered only where there is an inadequacy or ambiguity. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty."); *Wagner*, 2024 WL 1312214, at *9-10 (determining absence of opinion from treating or examining physician did not give rise to duty to develop record where record contained opinions of state agency medical consultants, plaintiff's testimony, and plaintiff's complete medical records); *Cindy T. v. Kijakazi*, No. 21-cv-00005, 2022 WL 16633010, at *3 (S.D. Cal. Sept. 23, 2022) ("Because it is Plaintiff's burden to present evidence in support of her alleged disability, the mere absence of a report from a treating or examining physician does not give rise to a duty to

develop the record.").

In this instance, there is no indication that the record was ambiguous or inadequate to allow for proper evaluation of Plaintiff's visual limitations. The record included Plaintiff's testimony regarding his visual problems, wherein he reported wearing contacts and could read a computer screen with his right eye if the font was big, but he had no peripheral vision on the left and could not see things approaching from that side. AR 22, 51, 57-59. The record also included Plaintiff's treatment records related to his visual impairment. AR 24-26. Additionally, the record included the prior administrative findings of the state agency physicians, along with an opinion from Plaintiff's treatment provider, all of which were summarized by the ALJ. AR 25-26. Absent any noted inadequacy by the ALJ or ambiguity in the record, the ALJ had no duty to further develop the record to request a consultative examination.[5]

Plaintiff further argues that the ALJ impermissibly interpreted "highly-clinical medical evidence" and crafted a visual RFC out of "whole cloth." (Doc. 14 at 11.) An RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all of the relevant medical in your case record."). Indeed, "[t]he RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence." *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022); *see Gonzalez v. Kijakazi*, No. 1:21-cv-01676-SKO, 2023 WL 6164086, at *6 (E.D. Cal. Sept. 21, 2023) ("The nature of the ALJ's responsibility is to interpret the evidence of record, including medical evidence."); *Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014) ("[B]ecause it is the ALJ's responsibility to formulate an RFC that is based on the record *as a whole*, ... the RFC need not exactly match the opinion or findings of any particular medical

---

[5] Moreover, the ALJ held the record open after the hearing for Plaintiff to supplement with additional records. AR 46. An ALJ can discharge his duty to develop the record further by "keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150; *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1989) (ALJ satisfied duty to develop the record by keeping record open for supplementation).

7

source."); *accord Macias v. O'Malley*, No. 1:22-cv-01283-JLT-SKO, 2024 WL 51352, at *7 (E.D. Cal. Jan. 4, 2024) (rejecting argument that ALJ's conclusion "must mirror one specific medical opinion"), report and recommendation adopted, No. 1:22-CV-1283 JLT SKO, 2024 WL 246173 (E.D. Cal. Jan. 23, 2024).

Here, the ALJ did not improperly substitute his own opinion for a medical opinion. Rather, with respect to Plaintiff's visual limitations, the ALJ considered the prior administrative medical findings of the state agency physicians, Drs. D. Tayloe and A. Rugama. AR 25. Both of those physicians found Plaintiff's retinal detachment severe, but did not identify any visual limitations. AR 25, 83-86, 89, 118, 122. In evaluating the persuasiveness of these findings, the ALJ found that these physicians did not sufficiently address Plaintiff's visual impairments in the RFC. In particular, the ALJ correctly indicated that the state agency physicians did not provide any actual limitations despite finding the retinal detachment severe and specifically noting Plaintiff's 20/200 eye vision. AR 25. The ALJ therefore provided additional limitations to address Plaintiff's visual impairments, stating "because of the additional complication of his left eye peripheral vision limitations and reduced visual acuity, I find the claimant can have no exposure to workplace hazards, including unprotected heights and moving mechanical parts, he can never operate a motor vehicle for work-related tasks, and he can perform tasks that do not require peripheral vision on the left side."[6] AR 24.

Plaintiff does not challenge the ALJ's evaluation of the state agency physician opinions. In fact, Plaintiff admits that the ALJ "was correct to reject the non-examining, non-treating consultants' failure to assess visual limitations." (Doc. 14 at 11.) As noted above, Plaintiff instead argues that the ALJ improperly interpreted "highly-clinical medical findings." The Court disagrees. There is no indication that Plaintiff made medical judgments based on raw medical data in developing Plaintiff's RFC. Rather, the RFC largely mirrored Plaintiff's own testimony as to his left-eye limitations related to peripheral vision on the left by finding Plaintiff "can have

---

[6] These multiple limitations addressing Plaintiff's visual impairments undermine Plaintiff's assertion that the ALJ only identified a single RFC limitation related to peripheral vision. (Doc. 14 at 13.)

no exposure to workplace hazards, including unprotected heights and moving mechanical parts, he can never operate a motor vehicle for work-related tasks, and he can only perform tasks that do not require peripheral vision on the left side." AR 24. Further, the treatment records accompanying Plaintiff's optical diagnoses, as noted by the ALJ, confirmed that over the course of the relevant period, Plaintiff's corrected left eye visual acuity worsened to 20/200, while his corrected right eye vision remained stable measuring at 20/20 in 2020 and 20/30 in January 2022, when his bilateral corrected vision was 20/20. AR 24, 408, 549, 744-45. As the Commissioner points out, based on the common understanding of 20/20 vision, the ALJ did not include limitations in the RFC relating to Plaintiff's right eye. The ALJ's assessment of an RFC that is consistent with the record does not constitute an imposition of the ALJ's lay interpretation of the medical evidence. *Gonzalez*, 2023 WL 6164086, at *7. Plaintiff does not identify any medical evidence that the ALJ failed to consider, nor does he identify any additional functional limitations resulting from Plaintiff's visual impairments that the ALJ failed to account for in the RFC assessment.

For these reasons, the Court finds that the ALJ was not obligated to further develop the record.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

    1.    Plaintiff's motion for summary judgment (Doc. 14) be denied.

    2.    The Commissioner's request to affirm the agency's decision (Doc. 18) be granted.

    3.    The Clerk of the Court be directed to enter judgment in favor of Defendant Commissioner of Social Security, and against Plaintiff Rafael Espinoza.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 18, 2025**            /s/ Barbara A. McAuliffe            _
                                         UNITED STATES MAGISTRATE JUDGE