**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL ESPINOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | Case No. 1:23-cv-1499 JLT BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S REQUEST TO AFFIRM; AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF RAFAEL ESPINOZA<br><br>(Docs. 14, 18, 19) |

　　　　Rafael Espinoza initiated this action seeking judicial review of a final decision denying his applications for benefits under the Social Security Act. (*See* Docs. 1, 14.) Plaintiff contends the residual functional capacity finding by the ALJ "is not supported by substantial evidence because the ALJ failed to fully develop the record" related to his visual impairments by ordering a consultative eye examination. (Doc. 14 at 10 [emphasis omitted]; *see also id.* at 10-16.) Plaintiff requests the Court remand the matter for further proceedings. (*Id.* at 16.)

　　　　The assigned magistrate judge found Plaintiff "waived his challenge to the development of the record or the need for a consultative examination by failing to raise the issue before the

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Leland Dudek as the defendant in this suit.

1

1    ALJ." (Doc. 19 at 5.) The magistrate judge determined that even if Plaintiff did not waive the
2    issue, there was "no indication that the record was ambiguous or inadequate to allow for proper
3    evaluation of Plaintiff's visual limitations," as required to trigger the duty to develop the record.
4    (*Id.* at 7.) The magistrate judge observed the record included—and the ALJ considered—
5    Plaintiff's testimony regarding his vision, treatment records, and medical opinions. (*Id.*, citing
6    AR 22, 24-26, 51, 57-59 [Doc. 9-2 at 26, 28-30, 55, 61-63].) The magistrate judge noted the ALJ
7    did not review "raw medical data" to determine the RFC, but instead "the RFC largely mirrored
8    Plaintiff's own testimony as to his left-eye limitations related to peripheral vision on the left," and
9    information from the treatment records regarding Plaintiff's visual acuity. (*Id.* at 8-9.) The
10   magistrate judge concluded, "The ALJ's assessment of an RFC that is consistent with the record
11   does not constitute an imposition of the ALJ's lay interpretation of the medical evidence." (*Id.* at
12   9, citing *Gonzalez v. Kijakazi*, 2023 WL 6164086, at *6 (E.D. Cal. Sept. 21, 2023).) Thus, the
13   magistrate judge recommended the Court deny Plaintiff's motion for summary judgment, affirm
14   the administrative decision, and enter judgment in favor of the Commissioner. (*Id.*)

15         Plaintiff filed objections to the Findings and Recommendations, asserting the Court
16   should reject the findings of the magistrate judge. (Doc. 20.) Plaintiff indicates that he "reasserts
17   and relies upon the arguments set forth in his Motion for Summary Judgment and Supporting
18   Memorandum of Law." (*Id.* at 1-2.) As Plaintiff plainly acknowledges, the objections simply
19   restate arguments raised in the motion for summary judgment. (*Compare* Doc. 14 at 10-15 *with*
20   Doc. 20 at 2-5.) Because the Court reviewed the arguments and evidence identified, Plaintiff's
21   objections are unavailing. *See, e.g., Vesz L.M. v. Comm'r of Soc. Sec.*, 2025 WL 762837, at *1
22   (E.D. Mich. Mar. 11, 2025) ("Objections that restate arguments already presented to the
23   magistrate judge are improper"); *Garrison v. Blewett*, 2024 WL 665062, at *1 (D. Or. Feb. 16,
24   2024) ("Objections that merely restate previously presented arguments … are improper").

25         As the magistrate judge observed, the Ninth Circuit determined that "when claimants are
26   represented by counsel, they must raise all issues and evidence at their administrative hearings in
27   order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).
28   Toward this end, when a claimant represented by counsel fails to raise the issue of a duty to

develop the record or indicate a consultative examination is needed, such arguments are waived on appeal. *See, e.g., Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2018) (finding failure by counsel to raise an issue in the administrative proceedings results in "the claimant forfeit[ing] such a challenge on appeal"); *King v. Comm'r of Soc. Sec.*, 2024 WL 1257331, at *7 (E.D. Cal. Mar. 25, 2024) (finding a plaintiff waived the argument that a consultative examination was required where counsel "fail[ed] to raise the issue before the ALJ or the Appeals Council"); *Brandon G.M. v. Kijakazi*, 2022 U.S. Dist. LEXIS 95848, at *10 (C.D. Cal. May 26, 2022) (holding a claimant waived an argument that the ALJ was required to order a consultative examination "by failing to request a consultative examination during the administrative proceedings"); *Hahn v. Berryhill*, 2017 WL 2927151, at *4 (D. Or. June 30, 2017) ("Plaintiff, by not raising the issue before the ALJ, waived any challenge to the ALJ's failure to develop the record further by ordering a comprehensive physical examination."). Because it is undisputed Plaintiff's counsel did not assert a consultative eye examination was needed, such an argument was waived, and Plaintiff is now unable to claim the ALJ had a duty to develop the record.

Moreover, any duty to develop the record was discharged by the ALJ keeping the record open upon the request of counsel, who anticipated additional records from Merced Adult School and treatment records from Valley Retina. (*See* Doc. 9-2 at 49-50.) As the Ninth Circuit explained, the duty to develop the record may be discharged in several ways, including "keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Because the ALJ held the record open for the submission of additional records—including those counsel anticipated related to Plaintiff's visual impairment—any such duty was discharged. *See id.*; *see also Hootman v. Comm'r of Soc. Sec.*, 499 Fed. App'x 674, 674 (9th Cir. 2012) ("The ALJ complied with her duty to develop the record by leaving the record open for supplemental evidentiary submissions").

Plaintiff also fails to show the ALJ improperly interpreted raw medical evidence, as argued in the motion for summary judgment (Doc. 14 at 14-15) to determine his physical residual functional capacity. The ALJ considered medical opinions, treatment records, and Plaintiff's own testimony concerning his vision to evaluate Plaintiff's visual impairments and determine the RFC.

(*See* Doc. 9-2 at 28-29.) Such evidence is not "raw medical evidence" that falls beyond the scope of the ALJ's purview. *See Mills v. Comm'r of Soc. Sec.*, 2014 WL 4195012, at *4 (E.D. Cal. Aug. 22, 2014) (finding argument that the ALJ was improperly attempted to "play doctor'" lacked merit where the ALJ "carefully analyzed the various medical opinions, treatment records, and plaintiff's own testimony in formulating an RFC"); *Ann M. v. Berryhill*, 2019 WL 1171160, at *6 (C.D. Cal. Mar. 12, 2019) ("Contrary to the cases cited by Plaintiff, the records in this case provided the ALJ with ample support for his RFC, which was based not on raw data but on treatment notes, which included Plaintiff's subjective complaints, observations by physicians, and the treatment plans"). Indeed, the ALJ adopted the visual limitations to which Plaintiff testified by finding Plaintiff could "only perform tasks that do not require peripheral vision on the left side" and prohibiting exposure to workplace hazards, such as unprotected heights, moving mechanical parts, and operation of a motor vehicle for work-related tasks. (*See* Doc. 9-2 at 28.)

According to 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter— including Plaintiff's objections—the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The ALJ applied the proper legal standards, and substantial evidence in the record supports the administrative decision. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 19) are **ADOPTED**.
2. Plaintiff's motion for summary judgment (Doc. 14) is **DENIED**.
3. Defendant's request to affirm the administrative decision (Doc. 18) is **GRANTED**.
4. The Clerk of Court is directed to enter judgment in favor of Defendant Leland Dudek, Acting Commissioner of Social Security, and against Plaintiff Rafael Espinoza, and to close this case.

IT IS SO ORDERED.

Dated: **March 18, 2025**

UNITED STATES DISTRICT JUDGE

4